**IT IS ORDERED as set forth below:**



**Date: March 22, 2018**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| **MOSES SAMUEL WILLIAM, and,
VICTORIA ZOR WILLIAM**, | **15-55766-MGD** |
| Debtor, | CHAPTER 7 |
| **NEIL C. GORDON,**
**Chapter 7 Trustee for the Estates of,**
**Moses Samuel William and**
**Victoria Zor William**, | ADVERSARY PROCEEDING NUMBER:
**17-05243-MGD** |
| Plaintiff, | |
| v. | |
| **U.S. BANK NATIONAL ASSOCIATION,** | |
| Defendant. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This case is before the Court on Chapter 7 Trustee Neil C. Gordon ("Plaintiff")'s *Motion for Default Judgment* ("Motion"). (Doc. 8). Plaintiff is the chapter 7 trustee in the main

bankruptcy case of Moses and Victoria William ("Debtors"). Plaintiff commenced the above-styled adversary proceeding on September 19, 2017, seeking to avoid two post-petition transfers of interests in real property made by Victoria Zor William ("Debtor-Wife") to U.S. Bank, National Association ("Defendant"), to recover the value of those transfers, and to preserve such value for the Debtors' estate, pursuant to 11 U.S.C. §§ 549(a), 550(a)(1), & 551 (the "Complaint"). (Doc. 1). It appears that the summons and complaint were properly served on Defendant (*See* Doc. 3), and no answer has been filed. A Clerk's Entry of Default was entered at Plaintiff's request on February 5, 2018. The Motion was filed on February 8, 2018. Defendant has not answered the Complaint, responded to the Motion, or otherwise sought to set aside the entry of default. Consequently, the Motion is deemed unopposed pursuant to B.L.R. 7007-1(c).

## BACKGROUND

The complaint seeks to avoid and recover two allegedly unauthorized post-petition transfers made to Defendant. The petition date is March 31, 2015. *See* Case No. 15-55766-MGD, Docket No. 1. Pursuant to Debtors' schedules, Debtor-Wife possesses a ½ undivided interest in real property located at 5501 The Vyne Avenue, Atlanta, GA 30349 (the "Property"). Motion at *2, ¶ 6; Complaint at *3, ¶ 11; Case No. 15-55766-MGD, Docket No. 18 at *7. Plaintiff asserts that Debtor-Wife alone purchased property on April 14, 2009 for $185,000, and attached a copy of the related Special Warranty Deed to the Complaint. Motion at *2, ¶ 7; Complaint at *3, ¶ 12 & at *10, Ex. A. Debtor-Wife has scheduled the value of her interest as $170,000. Case No. 15-55766-MGD, Docket No. 18 at *7. She also scheduled a debt with a balance of $144,804, owed to Defendant (specifically, U.S. Bank Home Mortgage) and secured by the Property. Motion at *2, ¶ 6; Complaint at *3, ¶ 11; Case No. 15-55766-MGD, Docket No. 18 at *12. Plaintiff further asserts that on June 19, 2014, Debtor-Wife executed loan documents from

Community Mortgage Services, Inc. for $162,800, secured by the Property. Motion at *2-3, ¶¶ 8-9; Complaint at *3, ¶¶ 14-15. No debt to Community Mortgage Services has been scheduled by Debtor. *See* Case No. 15-55766-MGD, Docket Nos. 1 & 18, *passim*. The Note and Security Deed attached to the Complaint as Exhibits B & C, however, reflect that those were executed and recorded in June 2009, not June 2014, and that although the lender was Community Mortgage Services, Inc., payments were to be sent to Defendant (specifically, U.S. Bank Home Mortgage). *See* Complaint at *15-29, Exs. B & C. Plaintiff also asserts that on May 5, 2014, prior to filing this case, Debtor-Wife executed a Quitclaim Deed that transferred title jointly to herself and to a non-debtor, Maybelline Sinue ("Sinue"),[1] recorded on May 6, 2014, a copy of which is attached to the Complaint. Motion at *3, ¶ 10; Complaint at *4, ¶ 17 & at *31, Ex. D. On May 8, 2015, Plaintiff asserts he filed a notice of this case in the real property records of the Superior Court of Fulton County. Motion at *3, ¶ 11; Complaint at *4, ¶ 19. The stamp on the copy attached to the Complaint indicates it was entered on the record on May 15, 2015. Complaint at *34, Ex. E.

The first transfer at issue in this case occurred on September 30, 2016, when Debtor-Wife signed a security deed granting an interest in property to Defendant (the "First Transfer"). Motion at *3, ¶ 12; Complaint at *4, ¶ 21. The security deed was also signed by Sinue and was recorded on January 26, 2017, purportedly to secure a debt in the original principal amount of $144,400 (the "First Security Deed"), a copy of which is attached to the Complaint. Motion at *3, ¶¶ 13-15; Complaint at *4-5, ¶¶ 22-24 & at *40, Ex. F. The same day, September 30, 2016, Debtor-Wife and Sinue made a second transfer of their interest in the Property to the Defendant (the "Second Transfer") and also signed a second security deed granting Defendant an interest in

---

[1] According to testimony given by Debtors in an unrelated hearing, Sinue is Debtors' daughter, though on the First and Second Security Deeds, Sinue is listed as Debtor-Wife's spouse.

3

the Property, purporting to secure what appears to be a line of credit in the principal amount of up to $50,000 (the "Second Security Deed"), which was also recorded on January 26, 2017, a copy of which is attached to the Complaint. Motion at *3-4, ¶¶ 16-19; Complaint at *5, ¶¶ 25-28 & at *59, Ex. G. Plaintiff seeks to avoid both transfers to Defendant, recover the value thereof from Defendant, and preserve that value for the benefit of Debtors' estate. Defendant is the initial transferee of both the First Transfer and the Second Transfer. For the reasons set forth below, the Court will grant the Motion.

## DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, governs the procedures related to entry of default and default judgment. FED. R. BANKR. P. 7055; *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1216 n.14 (11th Cir. 2009). In default, the complaint's factual allegations – except those relating to the amount of damages – are deemed admitted. FED. R. BANKR. P. 7008 (applying FED. R. CIV. P. 8(b)(6)). The Court has discretion as to the entry of a default judgment. Rule 55(b) provides that the court *may* enter judgment by default (emphasis added). "[A] defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), cert. denied, 493 U.S. 858 (1989); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 8 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7008, provides that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The Supreme Court has explained that while this

does not require "detailed factual allegations," a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Section 549 of the Code provides that

> Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate–
> (1) that occurs after the commencement of the case; and
> (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
>     (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a). To successfully avoid a transfer pursuant to § 549, a party first must prove that (1) there was a transfer of property of the estate; (2) that such transfer was post-petition; and that (3) such transfer was not authorized by the court or by title 11 (the "Code") (or is a kind of transfer described in §§ 303(f) or 542(c)).[2] 11 U.S.C. § 549(a); *Kapila v. Atl. Mort. and Inv. Corp. (In re Halabi)*, 184 F.3d 1335, 1337-38 (11th Cir. 1999); *Litton Loan Servicing, LP v. Rockdale County, Georgia (In re Howard)*, 391 B.R. 511, 516 (Bankr. N.D.Ga. 2008); *Braunstein v. Branch Group, Inc. (In re Massachusetts Gas & Elec. Light Supply Co.)*, 200 B.R. 471, 473 (Bankr. D. Mass. 1996).

Plaintiff alleges the following: (1) this case was filed on March 31, 2015; (2) when Debtors

---

[2] Section 303(f) applies in involuntary bankruptcy cases, but this case was voluntarily filed, so this section does not apply to this case and will not be addressed further in this Order. Likewise, § 542(c) addresses a non-debtor party with no actual notice or knowledge of this case, as transferor of property of the estate or pays a debt owing to the debtor. Here, the Defendant was the transferee, not the transferor, so it did not transfer property of the estate. Further, Defendant did not pay a debt owing to the Debtor, but rather accepted the transfers as satisfaction of debts owed by the Debtor. Therefore, § 542(c) does not apply and will not be addressed further in this Order.

filed this case, Debtor-Wife possessed a ½ undivided interest in the Property; (3) pursuant to § 541, that interest became property of the estate; (4) on or about September 30, 2016, Debtor-Wife transferred her interest the Property twice, both times to Defendant, as security for two different debts, according to the First and Second Security Deeds; and (5) no statute within the Code or order of this Court authorized such transfers. Complaint at *2-8.

The record reflects that Debtors' bankruptcy case was filed on March 31, 2015. *See* Case No. 15-55766-MGD, Docket No. 1. Debtors' petition reflects that Debtor-Wife scheduled a ½ interest in the Property. Case No. 15-55766-MGD, Docket No. 18 at *7. Section 541(a)(1) provides that "all legal or equitable interests of a debtor in property" become property of the estate. 11 U.S.C. § 541(a)(1). Attached to the Complaint are copies of the First and Second Security Deeds memorializing the First and Second Transfers, securing debts of $144,400 and up to $50,000, respectively, executed on September 30, 2016 and recorded on January 26, 2017. *See* Complaint at *39-70. There is no order on the docket in Debtors' bankruptcy case reflecting court approval of these transfers. *See* Case No. 15-55766, *passim*. The only question remaining is whether these transfers were authorized by the Code.

Given that Defendant is the lender according to the First and Second Security Deeds, and U.S. Bank Home Mortgage was the servicer on the existing debt and security deed, it is possible that the First and Second Transfers were attempts to re-finance the original debt secured by the Property, but since this is a chapter 7 case, Debtor does not have such authority. Only the trustee has the authority to incur debt or sell or use property of the estate, pursuant to §§ 363 & 364. 11 U.S.C. § 363(b)(1)("*The trustee*, after notice and a hearing, may use, sell, or lease . . .) (emphasis added); 11 U.S.C. § 364(c) ("If *the trustee* is unable to obtain unsecured credit . . .") (emphasis added). Even if Debtor had such authority, Court authorization would still be required under

either (1) § 364(c); and (2) 11 U.S.C. § 363 as use of property of the estate outside the ordinary course of business. Therefore, regardless of which type of action above these transfers are categorized as, all are unauthorized actions absent permission from this Court, which has not been obtained.

Next, although the burden of proof is on the Defendant, which has not filed an answer, to prove that the transfers fall within the exception of either §§ 549(b) or (c), the Court concludes that neither of those exceptions apply.[3] The limitation set forth in § 549(b) addresses involuntary cases, which is not applicable in this case because this case was voluntarily filed. The limitation of § 549(c) also does not apply, because one of the requirements of § 549(c) is that the transferee have no knowledge of the bankruptcy case, as will be set forth below. *See Cooper v. Bullock (In re Bullock)*, Case No. 08-43724-MGD, Adv. Proc. No. 10-04111-MGD, 2012 WL 2930678 at *2, 2012 Bankr. LEXIS 3268 (Bankr. N.D.Ga. June 12, 2012)(Diehl, J.); 5 COLLIER ON BANKRUPTCY ¶ 549.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017) ("section 549(c) provides that the trustee may not avoid transfers of an interest in realty to good faith purchasers for present fair equivalent value and without knowledge of the commencement of the case if a copy or notice of the petition *has not been filed in an appropriate recording office where the property is located*.") (emphasis added).

Even viewing the facts in a light most favorable to the non-moving party, Defendant cannot prove it was a good faith transferee. Although Defendant may be able to argue that the transfers

---

[3] Additionally, §§ 546(b)-(d) place additional limitations on the trustee's avoidance power of § 549, but none apply in this case. Section 546(b) provides that a transfer cannot be avoided if the applicable law permits perfection of an interest in property to be effective against a transferee prior to such perfection, or for maintenance or continuation of perfection of an interest to be effective against a transferee prior to such maintenance or continuation. That does not apply here because the transfers at issue are not attempts to perfect in interest in property or maintenance or continuation of such perfection. Sections 546(c) and (d) apply to sellers of various types of goods, and Defendant here is not a seller of goods.

were for reasonably equivalent value given that the security deeds reference approximately $190,000 of debt and the Property has a scheduled value of $170,000, the Defendant would still not be able to prove that it did not know nor should not have known about this bankruptcy case. As stated above, Plaintiff filed a notice of this bankruptcy case in the appropriate real estate records of the Superior Court of Fulton County in May 2015, more than one full year before the transfers occurred on September 30, 2016 and before the deeds were recorded on January 26, 2017. Therefore, prior to Defendant recording the security deeds of the two respective transfers, Defendant knew or should have known that the Property was the subject of a bankruptcy proceeding and any transfer would require court approval, which neither it nor Debtor-Wife obtained. Therefore, even if Defendant had answered, it does not appear it could have proved that the transfers were made for reasonably equivalent value *in good faith*, as the defense of § 549(c) requires. Accordingly, Plaintiff has alleged sufficient facts to state a plausible claim for relief pursuant to § 549(a) and the requirements of *Twombly* and *Iqbal*, and Defendant has not responded to or disputed Plaintiff's allegations.

After avoiding a transfer pursuant to § 549, the property or value of the property can be recovered from an initial transferee pursuant to § 550(a)(1). A party must first prove that a transfer is avoidable under §§ 544-49, 553, or 724. *Desmond v. Am. Express Centurion Bank, Inc. (In re Callas)*, 557 B.R. 647, 653 (Bankr. N.D. Ill. 2016); *Gordon v. Harman (In re Harman)*, 508 B.R. 780, 788 (Bankr. N.D.Ga. 2014)(Murphy, J.). Next, a party must prove that the transferee is an initial, immediate, or mediate transferee that can exercise legal control over the asset received and is not merely a conduit. *Martinez v. Hutton (In re Harwell)*, 628 F.3d 1312, 1321 (11th Cir. 2010) (citing *Andreini & Co. v. Pony Express Delivery Services, Inc. (In re Pony Express Delivery Services, Inc.)*, 440 F.3d 1296 (11th Cir. 2006)).

As set forth above, the First and Second Transfers are avoidable transfers pursuant to § 549. Further, the First and Second Security Deeds show that Defendant is the named initial and only recipient of the security interests in the Property, and therefore is able to exercise legal control over those interests. Thus, Defendant is an initial transferee and is not a mere conduit. Accordingly, Plaintiff has alleged sufficient facts to state a plausible claim for relief pursuant to § 550(a)(1) and the requirements of *Twombly* and *Iqbal*, and Defendant has not responded to or disputed Plaintiff's allegations.

Finally, pursuant to § 551, any property or value recovered pursuant to § 549 is automatically preserved for the benefit of the estate, as to property of the estate, and therefore a party only needs to prove the extent of what is property of the estate. Here, pursuant to § 541, all the interests that Debtor-Wife possessed at the time Debtors filed for bankruptcy became property of the estate, including her ½ undivided interest in the Property, the subject asset of the First Transfer and the Second Transfer. Accordingly, Plaintiff has alleged sufficient facts to state a plausible claim for relief pursuant to § 551 and the requirements of *Twombly* and *Iqbal*, and Defendant has not responded to or disputed Plaintiff's allegations.

Accordingly, having considered the Motion and the record in this case, it is

**ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED**; and it is further

**ORDERED** that the First Transfer is **AVOIDED** pursuant to 11 U.S.C. § 549(a); and it is further

**ORDERED** that Trustee is entitled to recover the avoided First Transfer or its value, pursuant to § 550(a)(1); and it is further

**ORDERED** that the Second Transfer is **AVOIDED** pursuant to 11 U.S.C. § 549(a); and it is further

**ORDERED** Trustee is entitled to recover the avoided Second Transfer or its value, pursuant to § 550(a)(1); and it is further

**ORDERED** that the First and Second Transfers are **PRESERVED** for the benefit of the estate, pursuant to § 551.

A separate judgment in favor of Plaintiff will be entered contemporaneously with this Order.

The Clerk is directed to serve a copy of this Order upon Plaintiff, Plaintiff's counsel, Defendant, Debtors, Debtors' Counsel, and the United States Trustee.

**END OF DOCUMENT**